Chief Justice Robertson,
delivered the opinion of the court.
The appellees obtained a decree, perpetually, enjoining, as to them, a judgment obtained by the appellant Sparks, against them, and another, on a note.
They were sureties, and the ground on which they *36 relied for relief, was, that the obligee, after the note-became due, took a mortgage from the principal obli-gor, to secure the amount of the note, and. in consider* ation thereof, released them.
If obligee take mortgage from ob-ligor to secure amount of the note, and thereby extend twelve months indulgence onnote, he releases securities. Proof that ob-ligee admitted, “he had released surety in consideration of mortgage taken by him to>ScureSOr’ mount Of the note,” is sufficient of itself s°,.gt°“era e
Monroe, for appellants; Richardson, for appellees.
The execution of the mortgage, as charged, is admitted in the answer. And it is satisfactorily proved, that-the obligee, after the procurement of the mortgage,, admitted that-he had taken it, in lieu of the personal security, and had released the sureties.
Under these circumstances, it cannotnow beseriously doubted, that the sureties are exonerated.
The mortgage was only a collatteral security, and might not have increased, but diminished, the risk of the sureties. Nor did it preclude the obligee from suing on the note. But it extended indulgence twelve months; and therefore, the right of the sureties to pay the debt, and take the place of the principal, by substitution, or to maintain a bill aquia timet” was affected by the new contract.
The proof, that the obligee admitted that he had released the sureties, in consideration of the mortgage, would, of itself, be sufficient to entitle them to exoneration.
But the decree must be reversed for a defect of parties.
The principal obligor was a necessary party. The Prayec4 that he should be made a defendant, but no subpoena was served on him. He has become a party, by uniting in the appeal, and therefore, it will not be necessary to give him notice, on the return to the circuit court. The other sureties also are proper parties. Sneed’s ex’r. vs. White; III J. J. Marshall’s reports, 525.
Wherefore, for want of proper parties, the decree of the circuit court is reversed, and the cause remanded for further proceedings, according to this opinion.